PHILIP S. BALDWIN AND GARDNER J. WALKER,
    APPELLANTS, v. HARRY L. ISHAM AND OTHERS, RESPONDENTS,
    IMPLEADED, ETC.

*Trust fund — right of a cestui que trust to agree to accept possession of land, on
    which the trustee holds a mortgage, instead of the interest on such mortgage — how
    far such an agreement can be rescinded, so as to prejudice rights acquired by
    third persons as judgment creditors of the cestui que trust.*

APPEAL from a judgment in favor of the defendants, entered
upon the report of a referee.

The action was brought to foreclose a mortgage.

The plaintiffs held $3,000 in trust to pay the interest to Myra
E. Wilson during her life; the principal to go to her heirs, at her
death. She desired to buy a farm. Accordingly an arrangement
was made, by which she bought the farm, paying some $500 of her
own money, and the plaintiffs lent to her the $3,000, taking from
her a bond and mortgage on the farm. The condition of the bond
and mortgage was, in substance, that the use and occupation of the
farm should be taken as the payment of interest on the mortgage,
during her life; that at her death the heirs might accept a discharge
of the mortgage as payment of the principal; or the trustees would
foreclose and make the principal by sale of the premises. She
entered into, and still remains in, possession of the farm. Her
equity of redemption in the land, however, has since been sold on
execution by judgment-creditors. The plaintiffs now bring this
action to foreclose the mortgage.

The court at General Term said: "It is evident that nothing is
yet payable on the bond and mortgage. The interest has been paid
by the occupation of the land by Myra E. Wilson. She is the only
person interested in the income of the trust, and she has consented
to accept the occupation of the land as an equivalent for the pay-
ment of the income. So long as she has the occupation of the
land therefor, the interest on the mortgage is paid.

" Nor is the principal payable. That was not payable until her
death. The plaintiffs insist that they are foreclosing by her wish.
That is very possible. But others have acquired rights in the
equity of redemption. And they are parties here and defend.

" The plaintiffs fall into the error of supposing that the land is the trust property, and therefore that these judgment creditors can have acquired no right to it.   But the plaintiffs do not hold the land at all.   They only hold a mortgage thereon.   The equity of redemption (as it is usually called) or, to speak more accurately, the fee subject to the mortgage, is in Myra E. Wilson, and not in the plaintiffs.   She can dispose of that, and it can be sold for her debts; leaving, however, the bond and mortgage, which is all that the plaintiffs have, untouched.   The cases therefore do not apply, which are cited by the plaintiffs' counsel, as to the rights of a *cestui que trust*, and as to the inability of a *cestui que trust* to assign or transfer his interests.

" We have no need to inquire as to what the rights of the parties would be should Myra E. Wilson ever cease during her life to occupy the premises."

The judgment should be affirmed, with costs against plaintiffs personally.

*Geo. L. Clark*, for the appellants.

*G. H. Beckwith*, for the respondents.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., OSBORN and RUMSEY, JJ.

Judgment affirmed, with costs.